### No. 3080
### Second Circuit

---

### SANDERS v. MONROE SAND & GRAVEL CO., INC.

(December 21, 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. Louisiana Digest—Evidence—Par. 56, 58.
Where a person contracts to do a certain thing and fails to discharge his obligation, to escape liability the burden is on him to allege and prove a legal excuse for his failures.

Scovell vs. Gill, 30 La. Ann. 1207.
King vs. Masons' F. A. Assn., 104 La.
763, 29 So. 332.

2. **Louisiana Digest—Appeal—Par. 625.**
The finding of fact of the trial court will
not be disturbed unless manifestly er-
roneous.
Southern Hat Co. vs. Schill, 3 La.
App. 249.

Appeal from the Fourth Judicial District
Court of Louisiana, Parish of Ouachita.
Hon. Percy Sandel, Judge.

Action by J. W. Sanders against Monroe
Sand & Gravel Co., Inc.

There was judgment for defendant and
plaintiff appealed.

Judgment affirmed.

McHenry, Montgomery, Lamkin & Lam-
kin, of Monroe, attorneys for plaintiff, ap-
pellant.

Hudson, Potts, Bernstein & Sholars, of
Monroe, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff sued defendant
to recover $1476.36 with legal interest
from judicial demand. Defendant denied
liability and filed a reconventional de-
mand which, on motion, was stricken out.
After the trial was closed in the District
Court defendant asked that the case be re-
opened and it permitted to introduce fur-
ther evidence, but its application was re-
fused. There was judgment rejecting plain-
tiff's demand and dismissing his suit, and
he appealed. Defendant did not appeal but
in this court sought to answer the appeal.

## OPINION

Plaintiff and defendant entered into a
contract whereby the latter turned over
to the former a sand and gravel pit with
its working equipment and the latter
agreed, among other things, to mine and
deliver to defendant, which agreed to ac-
cept and pay for specified minimum quan-
tities of sand and gravel per month at
specified prices during a given period of
time, and that 40 cents per cubic yard
should be paid either way as liquidated
damages for all sand or gravel not deliv-
ered or accepted.

Plaintiff failed to deliver 1845.44 cubic
yards of washed gravel, whereupon de-
fendant debited his account with the stipu-
lated penalty, or $738.18; but plaintiff, as-
serting that defendant was responsible for
his default, refused to recognize the debit
as just, and, in turn, debited defendant's
own account with a like amount as for a
failure to accept that much gravel.

Thereupon plaintiff brought this suit.

Defendant did not appeal from the judg-
ment but, in this court, after plaintiff had
completed the presentation of his case and
defendant had begun the presentation of
its own, defendant sought, but was not per-
mitted, to file an answer to the appeal
asking that the ruling of the lower court
in striking out its reconventional demand
and refusing to reopen the case be reversed.

The answer to the appeal came too late.

Code of Practice, Articles 889, 890.

Wilkinson vs. Dubach Mill Co., 2 La.
App. 249.

Plaintiff contends that defendant desig-
nated the place from which the gravel was
to be taken and the manner of taking it
and that it specifically instructed him, both
verbally and in writing, not to do other-
wise; that there was an overburden of
dirt and a thinness in the stratum of
gravel at the place designated; and also
that defendant failed to furnish sufficient
cars and orders to take up, and refused to
furnish him with the necessary material

and equipment to enable him to mine and load, the minimum quantity of sand and gravel contracted to be delivered; that he called defendant's attention to these conditions but that defendant nevertheless insisted that he continue to mine at the place and in the manner designated.

This contention is flatly contradicted by the testimony of defendant's witnesses, and the written communication relied on by plaintiff corroborates them; showing that defendant did not command but only suggested what plaintiff should do.

The evidence shows that there was twice as much working equipment at plaintiff's disposal as he was using and that the stratum of gravel was from ten to eleven feet thick.

So that plaintiff's contention that it was impossible for him, under the prevailing conditions, to mine and deliver the minimum quantity is a mere conclusion and not supported by the evidence.

We think the thickness of the stratum of gravel corroborates the testimony of defendant's witnesses that it was possible for plaintiff to comply with his contract.

The burden was on plaintiff to establish by a preponderance of the evidence the facts claimed by him as excusing his default. The district judge who heard the witnesses testify and observed their demeanor on the witness stand evidently reached the conclusion that plaintiff had not discharged this burden. We cannot say that he manifestly erred.

For the reasons assigned, the judgment appealed from is affirmed.